**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

JAN 24 2024

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

OLGA DE JESUS ARGUETA DE
HERNANDEZ; et al.,

                Petitioners,

    v.

MERRICK B. GARLAND, Attorney
General,

                Respondent.

No.   17-72269

Agency Nos.   A208-677-038
                     A208-677-039

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 17, 2024[**]

Before:    S.R. THOMAS, McKEOWN, and HURWITZ, Circuit Judges.

Olga De Jesus Argueta De Hernandez and her son, natives and citizens of El

Salvador, petition for review of the Board of Immigration Appeals' ("BIA") order

dismissing their appeal from an immigration judge's ("IJ") decision denying their

applications for asylum, withholding of removal, and protection under the

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We grant the petition for review and remand.

The BIA stated it found no clear error in the IJ's determination that petitioners did not establish that Salvadoran gangs were or would be motivated to harm them on account of their proposed particular social groups. After the BIA's decision and the briefing in this case, this court held that "the BIA reviews the IJ's underlying factual findings, such as what a persecutor's motive may be, for clear error. . . . But the BIA must review de novo whether a persecutor's motives meet the nexus legal standards." *See Umana-Escobar v. Garland*, 69 F.4th 544, 552 (9th Cir. 2023). The BIA did not have the benefit of *Umana-Escobar*, and it is unclear what standard of review the BIA applied to the nexus determinations in petitioners' case.

Thus, we grant the petition for review as to petitioners' asylum and withholding of removal claims, and remand to the BIA to apply the proper standard of review, and to conduct any other necessary further proceedings consistent with this decision. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam). Because petitioners do not challenge the BIA's CAT determination, we do not address it. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013).

Each party must bear its own costs for this petition for review.

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW GRANTED; REMANDED.**